UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2005   **SG**

Michael N. Milby, Clerk

RUDY RUDOLPH,
    Petitioner,


vs.

~~Civil Case Number H-02-633-02~~
Criminal Case Number 4:02-Cr-00633-002

UNITED STATES OF AMERICA,
    Respondent.

## MOTION TO RECONSIDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes RUDY RUDOLPH, Petitioner in the above styled and numbered cause, and requests that the court reconsider its March 9, 2005 determination that Petitioner is not entitled to relief under 28 U.S.C. § 2255 and in support thereof would show:

1.    Petitioner's waiver and/or decision to waive collateral review was not valid;

2.    The ineffective assistance of Petitioner's previous counsel "directly affected" Petitioner's waiver and/or decision to waive collateral review; and

3.    The sentence imposed exceed the statutory maximum limit.

### ARGUMENT

Invalid Waiver of Collateral Review

Petitioner pled guilty to one count of Mail Fraud in violation of 18 U.S.C. § 1341 and 1342 on December 11, 2002. The Government made a motion for partial dismissal of counts 2, 3, and 4 of the indictment which was granted by the Court. Petitioner did not stipulate to the

1

relevant facts or consent to judicial fact-finding used by the Court to enhance his sentence beyond the applicable range of punishment at the time of his guilty plea, or at any time thereafter.  Therefore, the imposition of a sentence not directly related to evidence properly before the Court and outside of the applicable range, renders both the plea itself and the waiver of collateral review pursuant to such plea invalid.

In *United States v. Kelly*, 974 F.2d 22 (5th Cir. 1992) the Court found that the defendant did not waive appeal where term of supervised release exceeded statutory maximum.  Likewise, Petitioner did not waive appeal where the term of imprisonment, restitution, and supervised release exceed the statutory maximum.  Further, Petitioner did not knowingly and voluntarily waive his right to such appeal and did not understand the sentencing risks he assumed and the rights he waived when he agreed to reach a plea agreement in this case.  Petitioner believed that he would be subject to a sentencing range of no more than 6-12 months according to the offense base level of 6 and the relevant Criminal History Category.  Had Petitioner understood and been made fully aware by either the Court of his attorney that he was waiving his right to appeal his sentence which exceeded the statutory maximum, he never would have accepted the plea agreement.  Like the defendant in *United States v. Baty*, 980 F.2d 977 (5th Cir. 1992), Petitioner expressed confusion as to his waiver of appeal by requesting the Clerk to enter Notice of Appeal during sentencing on October 23, 2003.  (See Docket Report Entry #77)  Furthermore, Petitioner continued to believe that he had the right to appeal his sentence by his continued attempts to obtain the transcript of sentencing date October 23, 2003, his termination of his trial counsel and his request for appointment of counsel by the Court.

2

## Ineffective Assistance of Counsel

Petitioner's decision to reach a plea agreement in this matter was based upon the advice of his attorney as it related to his applicable sentence and his constitutional and due process rights. The ineffective assistance had a direct bearing and effect on Petitioner's decision to enter into the plea agreement upon the advice of his legal counsel. But for the advice of his attorney and representations concerning the applicable sentencing range, Petitioner would not have entered into the plea agreement in this matter.

## Sentence in Excess of Statutory Maximum Limit

Because the federal Sentencing Guidelines are unconstitutional, this Court is obliged to sentence Petitioner according to the pre-1984 system. The Court must assume that a defendant will serve virtually all of the term of imprisonment imposed. In Petitioner's case he has already served over fifteen months in prison, having started service of his sentence on October 23, 2003. An appropriate sentence for this offense would have been 6-12 months according to the offense base level of 6 and the relevant Criminal History Category. Petitioner, however, has already served fifteen (15) months in prison. If the Court were to determine that the unconstitutional portion of the guidelines were severable from the balance of the guidelines, then Petitioner would be eligible for imposition of a sentence of time served credit.

The Court determined that the applicable loss amount jointly and severally attributable to Petitioner was $465,806, triggering a *nine level increase* in the base offense level, from level 6 to level 15. The concepts of intended loss and actual loss were not presented to a jury in Petitioner's proceedings nor did Petitioner stipulate or admit to any such aggravating facts. The

3

Court sentenced Petitioner to sixty (60) months imprisonment on October 23, 2003 and sealed the Statement of Reasons.

In *Booker*, the trial court followed the Guidelines, increasing the sentence range of 210-262 months (the range based on the facts implied by the jury's verdict) to 360 months to life (the range based on facts of the Petitioner's "relevant conduct," see U.S.S.G. § 1B1.3, as found by the judge). See *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). In *Fanfan*, the applicable Guidelines range increased from 63-78 months to 188-235 months based on the sentencing judge's determination of relevant conduct. See *Fanfan*, 2004 WL 1723114 (D. Me. June 28, 2004). The judge, however, concluded that the Supreme Court's decision in *Blakely* precluded him from sentencing above the range dictated by the jury's verdict, and thus imposed a sentence of 78 months. *Id.*

In the instant case, the judicially imposed enhancements are without question unconstitutional under *Blakely, Booker, and Fanfan*. As applied, each of the applicable Guideline provisions failed to be uniformly applied to meet the Court's promulgated standards regarding their application to the facts, plea agreement, admissions, and any stipulated evidence by Petitioner. They were not interpreted with a view to the statutory purposes of sentencing, and their application to the case at bar. In addition, the sixty (60) month sentence was <u>not</u> evaluated against the appropriate statutory purpose. Such a sentence cannot stand in light of the recent Supreme Court precedent. In light thereof, Petitioner's case must be re-evaluated accordingly to properly interpret the statutory purposes of sentencing consistent with recent Supreme Court authority.

4

**WHEREFORE, PREMISES CONSIDERED,** RUDY RUDOLPH, Petitioner, prays that the Court reconsider its decision of March 9, 2005, and upon hearing evidence surrounding the ineffective waiver and/or decision to waive collateral review and the sentence imposed in excess of the statutory limit, issue a certificate of appealability in this cause.

Respectfully submitted,

**Rudy Rudolph, Reg. # 88466-079**
Pro Se Petitioner
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

## CERTIFICATE OF SERVICE

I, **RUDY RUDOLPH** **HEREBY CERTIFY** that a true and correct copy of the foregoing have been furnished to the United States Attorney's Office, 500 Rusk Street, Houston, Texas 77002, by United States Postal Service, first class postage, prepaid, this the 19th day of March 2005.

**Rudy Rudolph, Reg. # 88466-079**
Pro Se Petitioner
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

5



**CERTIFIED MAIL ™**

7091 0801 9760 0000 3797

**Rudy Rudolph (Reg. # 88466-079)**
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

**Michael N. Milby**
U.S. District Clerk
515 Rusk, 1st Floor
Houston. Texas 77002

