IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-02-633-02 |
| | § | |
| RUDY RUDOLPH | § | (Civil Action No. H-05-0669) |
| | § | |

**ORDER**

On March 9, 2005, the Court denied a motion filed by the defendant for relief from his conviction and sentence under 28 U.S.C. § 2255. The defendant has filed separate motions for reconsideration. (Criminal Docket Nos. 154, 155). The defendant's motions are **denied** for reasons that follow.

The defendant's first motion for reconsideration, filed on March 22, 2005, is governed by Rule 59(e) of the Federal Rules of Civil Procedure. (Criminal Docket No. 154). Generally, a motion filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e).[1]  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (citing *Lavespere v. Niagara Mach. & Tool Works Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), and *Harcon Barge Co. v. D&G Boat Rentals*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc)). A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is

---

[1] There is no "motion for 'reconsideration'" in the Federal Rules of Civil Procedure." *Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Rather, if filed within ten days of the district court's judgment, such a motion is construed as filed pursuant to Rule 59(e). *See id.* Motions that are not timely under Rule 59 must be treated as motions filed under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law.  *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

The defendant's second motion for reconsideration, filed on March 28, 2005, is governed by Rule 60(b) of the Federal Rules of Civil Procedure.  Under Rule 60(b), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment."  FED. R. CIV. P. 60(b).  "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion.  *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)).

In this instance, Rudolph sought relief from his conviction under 28 U.S.C. § 2255 on three related grounds involving whether he was denied effective assistance of counsel because his attorney failed to perfect and file a direct appeal.  (Criminal Docket No. 148). Specifically, Rudolph complained that his counsel failed to object at sentencing to the

amount of restitution ordered by the Court or to pursue an appeal based on the objections that he did raise to certain unidentified enhancements used to increase the sentence. Observing that none of the claims implicated the validity of Rudolph's guilty plea, the Court dismissed his § 2255 motion because the written plea agreement contains a valid waiver of collateral review.

Rudolph now professes that he was confused about his guilty plea and uncertain about the range of sentence. Rudolph does not dispute, however, that the claims raised in his § 2255 motion do not contest the voluntary, knowing character of his guilty plea and they do not otherwise implicate the validity of the waiver found in his written plea agreement. Under these circumstances, the waiver bars his claims. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Rudolph has failed to demonstrate that the dismissal order was entered in error under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that his post-judgment motions seeking relief from the final judgment (Criminal Docket Nos. 154, 155) are **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **May 9, 2005**.

_____
Nancy F. Atlas
United States District Judge